## In Re Anonymous No. 43 D.B. 85

Disciplinary Board Docket No. 43 D.B. 85.

BROWN, *Member*, May 8, 1987—Pursuant to Rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania (board) herewith submits its findings and recommendations to your honorable court with respect to the above petition for discipline.

## HISTORY

Respondent, [ ], was admitted to the practice of law in the Commonwealth of Pennsylvania, on April 28, 1969. On March 15, 1985, the Honorable [A], Judge of the Court of Common Pleas of [ ] County sentenced respondent to pay a fine of $1,000 and undergo probation for a period of one month on his plea of guilty to the offense of recklessly endangering another person, in violation of 18 Pa.C.S. §2705.

By order dated May 20, 1985, the Supreme Court of Pennsylvania suspended respondent from the practice of law pursuant to Pa.R.D.E. 214(d) and referred the matter to the Disciplinary Board to determine the extent of discipline to be imposed.

On December 31, 1985, seven months after the court's suspension order, appropriate disciplinary charges were filed. Hearing committee [ ] convened on April 22, 1986, June 4, 1986, and November 10, 1986, and filed its report on February 18, 1987. The hearing committee recommended that inasmuch as respondent had already been subjected to a suspension for a period of approximately 20 months and the underlying offense resulted in a sentence of one month's probation, that respondent had suffered sufficient discipline as of the date of its report. The hearing committee therefore recommended that respondent be reinstated.

## DISCUSSION

Rule 214(e) Pa.R.D.E. provides that the certification of conviction of a crime shall be conclusive evidence of the commission of that crime in any disciplinary proceeding instituted against that attorney. Consequently, the hearing committee did not focus upon the details of the crime but addressed the dispositional aspect of the discipline involved. However, in recommending reinstatement, the hearing committee acted beyond the ambit of its authority. The charge of the hearing committee was limited to a recommendation of appropriate discipline. Reinstatement is a process which occurs after the imposition of discipline. Therefore, the matter of an appropriate discipline remained undetermined.

Although formal exceptions were not taken to the hearing committee's report, the parties by letters dated February 25 and March 5, 1987, respectively, have submitted what we construe as requests for clarification and/or that the board mold the hearing committee's recommendation.

Inasmuch as all parties agree that the appropriate period of suspension should not extend beyond the date of the hearing committee's recommendation, it is hereby recommended that [respondent] be suspended for a period of 20 months, retroactive to May 20, 1985.

## RECOMMENDED DISPOSITION

The Disciplinary Board recommends that respondent be suspended for a period of 20 months, effective May 20, 1985. Costs are to be paid by respondent.

Ms. Heh and Mr. Mundy dissent and would recommend a six-month suspension.

Mr. Keller recused himself.

Messrs. McDonald, McGinley and Tumolo did not participate in the adjudication.

MUNDY, *Member,* May 8, 1987—


## DISSENTING OPINION

Respondent was suspended from the practice of law by the Supreme Court by order dated May 20, 1985, pursuant to Rule 214(d) of the Pennsylvania Rules of Disciplinary Enforcement. Under this rule, summary suspension is authorized where a lawyer has been convicted of a crime, which is punishable by imprisonment for one year. In this instance, respondent had pled guilty approximately two months earlier to the charge of recklessly endangering another person for which he was fined $1,000 and sentenced to one month's probation.

A suspension pursuant to Pa.R.D.E. 214(d) is of indefinite duration. Procedurally, our rules require that subsequent to such a suspension, formal charges are to be filed against the convicted attor-

ney; and a hearing committee convened for the purpose of making a recommendation of the appropriate discipline.

In this instance, it took the Office of Disciplinary Counsel seven months from the date of the order of suspension to file formal charges (May 20, 1985 — December 31, 1985). Another 11 months elapsed before formal hearings were completed (January 1 — November 10, 1986). The recommendation of the hearing committee was filed three months thereafter on February 18, 1987.

As a result, at the time this matter was considered by the board at its March 1987 meeting, respondent's suspension had been in effect for 22 months. In my view, the length of respondent's suspension substantially exceeds the offense. This viewpoint, I infer, was shared to some extent by the hearing committee which recommended a retroactive suspension of 20 months with immediate reinstatement.

Unfortunately, as correctly pointed out by the majority, our rules do not permit the immediate reinstatement of an individual whose suspension is for a period greater than three months. The reinstatement process often takes between six months and one year. Obviously, therefore, if the majority's recommendation of a 20-month suspension is adopted, respondent will have been effectively barred from the practice of law for a period of three years for an offense for which he was sentenced to pay a $1,000 fine and serve a one-month probation.

I believe the majority's recommendation of a 20-month suspension is based to some extent not upon the infraction committed by respondent, but rather upon the length of time it took for the disciplinary process to be completed. Because I believe disci-

pline should be based upon the offense committed rather than other circumstances, I dissent. I would suspend respondent for a period of three months effective February 18, 1987, the date upon which the hearing committee completed its investigation into this matter. Respondent should be permitted to apply for immediate reinstatement.

Ms. Heh joins in the dissent.

### ORDER

NIX, C. J., And now, this June 29, 1987, upon consideration of the report and recommendation of the Disciplinary Board dated May 8, 1987, and the dissenting opinion filed, it is hereby ordered that [respondent] be and he is suspended from the Bar of this Commonwealth for a period of 20 months, effective May 20, 1985, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Mr. Justice Zappala dissents and would accept the dissenting view.